# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## SEPTEMBER 1998 SESSION

| | | |
|---|---|---|
| **LUTHER S. LUTEN,** | ) | **C.C.A. NO. 02C01-9803-CC-00090** |
| | ) | |
| Appellant, | ) | **MADISON COUNTY NO. C-96-286** |
| | ) | |
| **VS.** | ) | **HON. FRANKLIN MURCHISON,** |
| | ) | **JUDGE** |
| **STATE OF TENNESSEE,** | ) | |
| | ) | **AFFIRMED - RULE 20** |
| Appellee. | ) | |

**ORDER**

FILED

November 9, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

In this post-conviction matter, the petitioner originally pled guilty to two (2) counts of robbery, one (1) count of attempted robbery, and three (3) counts of simple assault. He received an effective sentence of eight (8) years as a Range II, multiple offender.

The petitioner filed a *pro se* petition for post-conviction relief. The primary ground was ineffective assistance of counsel. The petitioner claimed his trial counsel failed to investigate available defenses, including an alibi defense, and failed to interview witnesses. He further contended his guilty plea was involuntary.

Post-conviction counsel was appointed and an evidentiary hearing was held. Only the petitioner and his former counsel testified. Petitioner testified as to alleged deficiencies by counsel. Former counsel testified as to her preparation and actions in the case. As to the entry of the guilty plea, petitioner testified he was coerced. However, petitioner conceded the trial judge advised him "with respect to [his] rights." Former counsel denied any coercion. Our examination of the guilty plea transcript does not reveal any evidence of coercion or involuntariness.

The post-conviction court denied the petition for relief stating, "there is nothing but broad, general, vague, non-specific, non-certain allegations by the defendant." The trial court went on to find no evidence of deficient performance by counsel nor any prejudice to the petitioner. The trial court further found the guilty

plea was voluntarily entered.

After throughly reviewing the record, we conclude the evidence does not preponderate against the findings of the trial court. No error of law requiring a reversal of judgment is apparent. Accordingly, pursuant to Rule 20 of the Tennessee Court of Criminal Appeals, we affirm the judgment of the trial court.

Costs are taxed to the state as the appellant is indigent.

All of which is so ORDERED.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**PAUL G. SUMMERS, JUDGE**

_____
**DAVID H. WELLES, JUDGE**